# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re MAMADY B. CISSE,<br><br>　　　　　　　　　　　　　Debtor.<br><br>MAMADY B. CISSE,<br><br>　　　　　　　　　　　　　Appellant,<br><br>　　v.<br><br>WELLS FARGO BANK N.A., as servicing agent for U.S. Bank National Association, as Indenture Trustee for Citigroup Mortgage,<br><br>　　　　　　　　　　　　　Appellee. | Case No. 20-cv-01694-BAS-WVG<br>Bankruptcy No. 17-04821-LT13<br><br>**ORDER:**<br><br>**(1) DENYING APPELLANT'S MOTION FOR RULING ON MOTION FOR FEE WAIVER REQUEST (ECF No. 8);**<br><br>**AND**<br><br>**(2) GRANTING APPELLANT'S MOTION FOR LEAVE TO FILE ELECTRONICALLY (ECF No. 9)** |

On August 31, 2020, Appellant Mamady B. Cisse, proceeding *pro se*, appealed from the United States Bankruptcy Court's decision and elected to proceed in this Court. (ECF No. 1.) Appellant has also filed a motion requesting a ruling on a fee waiver request and moved to file documents in this case using the Court's electronic filing system (CM/ECF). (ECF Nos. 8, 9.)

First, regarding the fee waiver request, the Bankruptcy Court has certified that this appeal of the court's orders denying a motion to reopen and motion for reconsideration is not taken in good faith and is frivolous for the reasons stated on the record.[1] (ECF No. 2.)

---

[1] The fee waiver itself also suffers from other deficiencies. It states only that Appellant is experiencing "financial hardship and unemployment" due to the COVID-19 pandemic. (ECF No. 5.) However, Appellant was required to submit an affidavit detailing Appellant's financial circumstances, at the time the notice of appeal was filed, that demonstrated Appellant could not pay the filing fee and "still be able

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." *See In re Kocak*, No. 1:20-mc-00026-AWI-SKO, 2020 WL 3344182, at *2 (E.D. Cal. May 29, 2020) (conducting an independent review of bankruptcy court's certification in denying IFP); *see also In re Price*, 410 B.R. 51, 58 (Bankr. E.D. Cal. 2009) (citing *Perroton v. Gray (In re Perroton)*, 958 F.2d 889, 896 (9th Cir. 1992)) (finding that although the Ninth Circuit has held that bankruptcy courts cannot authorize in forma pauperis status, "the bankruptcy judge still has an assigned role to play" through the certification process in § 1915(a)(3)); *In re Minh Vu Hoang*, No. CIV.A. DKC 11-2641, 2011 WL 10583556, at *4 (D. Md. Dec. 13, 2011), *aff'd*, 473 F. App'x 201 (4th Cir. 2012) (under § 1915(a)(3), bankruptcy courts "play an important role in the determination of a motion for leave to appeal *in forma pauperis*").

Here, Appellant does not state with specificity the basis for his appeal; he only indicates that the appeal is from the Bankruptcy Court's order on Appellant's Motion to Reopen. (ECF No. 1.) In the underlying proceedings, the Bankruptcy Court denied that the motion to reopen Appellant's bankruptcy proceeding as futile because dismissal of that case was based on Appellant's failure to timely "fulfill the fundamental duty to provide tax information and to make plan payments." (*In re Mamady B. Cisse*, No. 17-04821-LT13 (Bankr. S.D. Cal.) (Dkt. Nos. 81, 84).) Appellant provided no way to cure these defects such that a motion to reopen could afford him even the possibility of relief. (*Id.* (citing 11 U.S.C. § 350(b)).) After Appellant moved for reconsideration of this order, the court held that there was no fraud, mistake, or extraordinary circumstances to support reconsideration. (*Id.* (Dkt. Nos. 89, 91).)

Thus, even if Appellant had the opportunity to furnish this Court with the necessary financial information, the Court finds Appellant is not entitled to proceed IFP in this Court

---

to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948) (citing 28 U.S.C. § 1915(a)); *see also* CivLR 3.2(a). The fee waiver request transmitted to this Court does not contain the necessary financial information to constitute an adequate fee waiver. Because the Court finds above that Appellant is foreclosed from proceeding *in forma pauperis* ("IFP") for other reasons, the Court does not require this information in making a determination.

based on the certification of the Bankruptcy Court. The Court agrees that reopening Appellant's bankruptcy case would have been futile because the same reasons supporting mandatory dismissal of the lawsuit in 2018 still exist at present. *See Kocak*, 2020 WL 33344182, at *2 (citing *In re Beezley*, 994 F.2d 1433 (9th Cir. 1993)) (adopting findings of bankruptcy court that appeal was frivolous because reopening case to amend the schedules was a "pointless exercise" under which not relief could be granted). Thus, the Court finds that Appellant's appeal is not taken in good faith and there is no basis to afford IFP status, even if Appellant could make the necessary showing of financial need. *See Hobby v. Beneficial Mortg. Co. of Virginia*, No. CIV.A. 2:05-cv-110, 2005 WL 5409003, at *1 (E.D. Va. June 3, 2005) (independently relying on bankruptcy court's "knowledge of the record in the underlying bankruptcy case" to affirm that appeal was taken in bad faith under § 1915(a)(3) and deny IFP motion).

Accordingly, the Court **DENIES** Appellant's Motion regarding his fee waiver request (ECF No. 8). Appellant must pay the filing fee by **November 16, 2020**. The Court will only proceed to issue a briefing schedule in this case after Appellant pays the filing fee. **If Applicant fails to timely do so, the Court will dismiss the case without prejudice.**

Second, Appellant has requested permission to use the CM/ECF filing system in accordance with ECF Administrative Policies and Procedures. Appellant has sufficiently stated that Appellant has access to the necessary equipment and software capabilities to electronically file documents. The Court therefore **GRANTS** Appellant's motion for leave to do so (ECF No. 9). Appellant must register as a user with the Clerk's Office and as a subscriber to PACER within five days of this Order.

**IT IS SO ORDERED.**

**DATED: November 9, 2020**

Hon. Cynthia Bashant
United States District Judge